UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HANDY BAILEY, JR.,

    Petitioner,

v.                                                                          CASE NO. 5:09-cv-547-Oc-23PRL

WARDEN, FCC COLEMAN-MEDIUM,

    Respondent.

_____/

**ORDER**

Bailey moves (Doc. 1) under 28 U.S.C. § 2241 for the writ of habeas corpus. The respondent argues (Doc. 14) that Bailey fails to show entitlement under the savings clause of 28 U.S.C. § 2255(e) to proceed under 28 U.S.C. § 2241.[1]  Bailey replies (Docs. 15, 23, and 24).

The superseding indictment (Doc. 23) in Case No. 8:97-cr-213-T-17TBM (the criminal case) charges Bailey with two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), for which the statutory maximum term of imprisonment was life.  A jury found Bailey guilty of both counts.  (criminal case, Doc. 62)

---

[1] The respondent moved (Doc. 8) to dismiss for lack of jurisdiction. *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), which was entered after the filing of the motion, undermines the dismissal argument, and the motion was "terminated." (Doc. 12).

The United States Probation Office's Presentence Investigation Report (PSR) explained that Bailey was a career offender[2] because the offense of conviction was a controlled substance felony and because Bailey had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." (PSI at 4) The PSI identifies five previous felony convictions in Florida: case number 84-230-CF (burglary of an occupied dwelling), case number 84-242-CF (burglary of an occupied dwelling), case number 89-3574-A (delivery of cocaine), case number 89-7470 (delivery of cocaine), and case number 92-13648CFANO (possession of cocaine with intent to sell), each of which is a qualifying offense for determining career offender status.[3] The United States Probation Office calculated an offense level of 37, a criminal history category of VI, and a guideline range of 360 months to life imprisonment. Bailey was sentenced (criminal case, Doc. 81) to two concurrent 360-month terms of imprisonment for each count. The appellate court affirmed Bailey's conviction and sentence. (criminal case, Doc. 116)

---

[2] Section 4B1.1 of the Sentencing Guidelines explains the criteria for career offender status. In particular, a defendant convicted of a crime of violence or a controlled substance offense is a career offender if the defendant was at least eighteen at the time of the offense of conviction and had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Section 4B1.2(b) defines a "controlled substance offense" as including "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

[3] The Sentencing Guidelines expressly lists burglary of a dwelling as a "crime of violence." Even without the drug offenses, Bailey's burglary convictions were sufficient to qualify him as a career offender.

Bailey's May 1, 2000, motion to vacate under 28 U.S.C. § 2255 was denied (criminal case, Doc. 174), and Bailey appealed. (criminal case Doc. 191) Both the district court and the appellate court denied a certificate of appealability. (criminal case, Docs. 199 and 212) The appellate court denied Bailey's several requests to file a second or successive Section 2255 motion (criminal case, Docs. 207, 224, 255, 285, and 304).

Generally, a defendant must file a collateral attack on a conviction in the district court of conviction under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief to the court that sentenced him, or that such court denied him relief . . . ." Bailey seeks to avoid the preclusive effect of the prohibition against a successive petition by invoking the "savings clause" in Section 2255, which permits relief under Section 2241 if it "appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

Claiming the career offender enhancement is improper, Bailey attacks the validity of his sentence rather than the means of the sentence's execution and pursues relief under Section 2241 because relief under Section 2255 is barred by the preclusion against a successive petition. However, as *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), holds:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

A petitioner must meet each element of this test. *See Dean v. MacFadden*, 133 F. App'x 640, 642 (11th Cir. 2005).

"'The burden of showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.'" *Id*. (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). If Section 2255(e)'s savings clause opens the portal to a Section 2241 proceeding, the proper inquiry is whether the petitioner can establish "actual innocence" of the crime for which he has been convicted. *Wofford*, 177 F.3d at 1244 n.3.

The Eleventh Circuit Court of Appeals holds that the only sentencing claims "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 F. App'x 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Relying on *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), Bailey argues that offenses involving the sale or delivery of drugs "did not meet the definition of controlled substance listed under"

- 4 -

section 4B1.2, (Doc. 1 at 17) and fall "outside the scope of serious drug offense[s] . . . ." for enhancement purposes. Therefore, Bailey claims actual innocence of the career offender enhancement because his state court drug convictions were not actually controlled substance offenses. (Doc. 1 at 13 and 17) Bailey "does not claim that the District Court incorrectly found that he actually had those convictions . . . ; rather, [he] claims that such a finding that those convictions are controlled substance[s] no longer legally qualifies for sentencing enhancement . . . ." (Doc. 1 at 18-19)

In general, a decision that establishes a new rule of law is not applied retroactively to a case on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 310–11 (1989); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). Nothing in *Begay* or *Chambers* suggests that the Supreme Court commanded retroactive application to a case on collateral review. *See Baskin v. United States,* No. 8:10–cv–1721-T-24TBM, 2011 WL 794821, at *2 (M.D. Fla. Mar.1, 2011) (finding that *Begay* and *Chambers* "have not been applied retroactively to post-conviction relief motions, and therefore provide no relief for Petitioner."). Therefore, Bailey does not satisfy the first component of *Wofford*.

Even assuming, without deciding, that either *Begay* or *Chambers* applies retroactively, Bailey's argument fails. In *Begay*, the Supreme Court found that the

New Mexico felony offense of driving under the influence of alcohol was not a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"), which imposes a mandatory 15-year prison term for felons who unlawfully possess a firearm and who have three or more convictions for violent felonies. *Chambers* finds that Illinois' crime of failure to report for penal confinement fell outside the scope of the ACCA's "violent felony" definition. Neither *Begay* nor *Chambers* (or any other case Bailey cites) directly applies to Bailey's claim, and Bailey fails to explain how either *Begay* or *Chambers* (or any other case) supports his claim. More than analogous authority is required to satisfy *Wofford*. *Flint v. Jordan*, 514 F.3d 1165, 1167 (11th Cir. 2008).

Bailey fails to establish that *Begay* and *Chambers* apply retroactively and permit him to raise his claim of "actual innocence." Accordingly, Bailey does not establish that application of the savings clause is warranted because Section 2255 is inadequate or ineffective to test the legality of his detention. Because Bailey does not satisfy *Wofford*'s requirements, the savings clause does not apply.

In addition, the Eleventh Circuit prohibits a "savings clause" challenge to the Sentencing Guidelines when the initial guideline sentence did not exceed the statutory maximum. *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) ("the savings clause does not authorize a federal prisoner to bring, in a § 2241 petition, a claim, which would otherwise be barred by § 2255(h), that the

Sentencing Guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum"); *Edwards*, 432 F. App'x at 899 ("There is no precedent in this circuit for applying the savings clause to sentence claims."). Bailey's 360-month sentence does not exceed the statutory maximum sentence of life.[4]

Bailey cannot satisfy the *Wofford* test, the savings clause of § 2255(e) does not apply, and Bailey's collateral attack on his federal conviction must be treated as a Section 2255 petition. Because Bailey previously filed a petition under Section 2255 and the appellate court has not granted permission to file a second petition, the instant action is successive. The district court is without jurisdiction and the petition is **DISMISSED**. The Clerk shall enter judgment accordingly and close the case.

ORDERED in Tampa, Florida, on November 1, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] Bailey's claim that his petition should proceed because he is "actually innocent" of the career offender enhancement is rejected. Bailey argues that the guidelines were improperly applied but fails to show, or even claim, factual innocence of the state drug convictions. The actual innocence exception does not apply. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011); *Gilbert*, 640 F.3d at 1322–23.