UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HANDY BAILEY, JR.,

    Petitioner,

v.                                                CASE NO. 5:09-cv-547-Oc-23PRL

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## **ORDER**

Because Bailey could not show he was entitled to a review of his claims under the saving clause of Section 2255, a November 1, 2012, order (Doc. 25) dismissed the petition under 28 U.S.C. § 2241 for lack of jurisdiction. A February 1, 2013, order (Doc. 28) denied reconsideration, and the appellate court dismissed Bailey's appeal on July 23, 2013, for lack of prosecution (Doc. 32).

Bailey moves (Doc. 33) under Rule 60(b), Federal Rules of Civil Procedure, to vacate his judgment as "Void and For Any Other Reasons Justifying Relief from Order of the Judgment." Bailey claims he is entitled to relief under *Alleyne v. United States*, 133 S. Ct. 2141 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). Bailey also relies on *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013).

Rule 60(b) permits a party to move for relief from a final judgment under certain specific circumstances, such as mistake, surprise, excusable neglect, newly discovered evidence, and fraud. Rule 60(b)(6)'s catch-all provision permits relief for "any other reason that justifies relief." "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation and alteration marks omitted).

In the instant motion, Bailey contends that *Alleyne*, *Descamps,* and *Spencer* are retroactive and therefore warrant relief. First, neither *Alleyne* nor *Descamps* applies retroactively on collateral review. *Chester v. Warden*, 552 Fed. App'x 887, 891 (11th Cir. 2014) ("[B]ecause it is based on *Apprendi*, *Alleyne's* rule does not apply retroactively on collateral review.") (citing *Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006), and *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001)); *Williams v. United States*, 2014 WL 2894298, at *2 (M.D Fla. June 26, 2014) ("[T]he Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review . . .") (citations omitted). Second, on March 7, 2014, the appellate court vacated the August 15, 2013 opinion in *Spencer*. Finally, Bailey has offered no authority to disturb the finding that his "savings clause" challenge was prohibited because his initial guidelines sentence did not exceed the statutory maximum. *Edwards v. Warden, FCC Coleman - Medium*, 432 F. App'x 897, 899 (11th

Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentencing claims.").

Bailey has failed to demonstrate any ground to alter or amend the November 1, 2012, order.  Furthermore, after he filed the instant motion to vacate, Bailey filed on January 27, 2014, a new petition under 18 U.S.C. § 2241.  That petition raises the same arguments asserted in the instant motion to vacate and additional arguments based on new case law.  That petition became ripe for review on June 5, 2014.  *Bailey v. Warden*, Case No. 5:14-cv-53-Oc-36PRL.

Accordingly, Bailey's motion to vacate judgment (Doc. 33) is **DENIED.**  The petition was properly dismissed for the reasons stated in the November 1, 2012, order (Doc. 25), and Bailey has not otherwise demonstrated entitlement to relief.

ORDERED in Tampa, Florida, on July 25, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE